UNITED STATES DISTRICT COURT
FILED
AUG 2 0 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 25-CR-242-LJV

BENJAMIN MARTIN
a/k/a Benji
a/k/a Ben10
a/k/a Gun Man,

Defendant.

# PLEA AGREEMENT

The defendant, BENJAMIN MARTIN a/k/a Benji a/k/a Ben10 a/k/a Gun Man, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), and 2 (transferring a firearm to an out of state resident), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of not more than 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. That the defendant was not licensed to deal, import, manufacture, or collect firearms;

b. That the defendant willfully transferred, sold, traded, gave, transported or delivered a firearm to another person who also was not licensed to deal, import, manufacture, or collect firearms; and

c. That the defendant knew or had reasonable cause to believe that the person receiving the firearm from the defendant resided in a state other than that of the defendant.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On or about November 10, 2023, in the Western District of New York, and elsewhere, defendants HASSIAN HUMPHREY, JYLIN WOODS, and BENJAMIN MARTIN, a/k/a Benji, a/k/a Ben10, a/k/a Gun Man, not being licensed importers, manufacturers, dealers, and collectors of firearms within the meaning of Chapter 44, Title 18,

United States Code, did willfully transfer, sell, and deliver a firearm, to wit: a Shadow Systems XR920, 9mm handgun bearing serial number SSX023103, to Individual 1, a person known to the Grand Jury, such individual not being a licensed importer, manufacturer, dealer, and collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowing and having reasonable cause to believe that Individual I was not then residing in the State of North Carolina, the state in which defendants HUMPHREY and WOODS were residing at the time of the aforesaid transfer, sale, and delivery of the firearm, all in violation of Title 18, United States Code, Section 922(a)(5), 924(a)(1)(D), and 2.

b. Specifically, on or about November 10, 2023, the defendant and Humphrey met Individual 1 at a location in Amherst, New York, in order to sell Individual 1 a Shadow Systems XR920 handgun for $600. Ultimately, and with assistance from Woods, the transaction was completed. At or around the time of transaction, the defendant indicated to Individual 1 that he would be able to sell him additional firearms and provided Individual 1 with his phone number.

c. Between November 10, 2023, and December 14, 2023, the defendant messaged Individual 1 regarding the sale of a "ghost gun," which is a commonly used term for a privately manufactured handgun which does not bear a serial number, and a revolver. During this timeframe, the defendant and Individual 1 discussed a price for both firearms and coordinated a meeting location. The defendant also sent Individual 1 a stock photograph of a privately manufactured firearm bearing no serial number. During this same timeframe, the defendant telephonically messaged Humphrey, stating in sum and substance that he had secured a buyer for two firearms, including a "ghost gun", and the two discussed how they would split the profits between themselves and a third unnamed individual.

d. The defendant was detained in connection with a separate investigation on March 22, 2024. He was Mirandized and interviewed, stating in sum and substance to law enforcement that he did participate in the sale of the Shadow Systems XR920 to Individual 1, and later sold Individual 1 a "ghost gun" and revolver. [redacted]

e. The defendant admits neither he, Humphrey, or Individual 1 were licensed importers, manufacturers, dealers, and collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code. The defendant admits he knew that Individual 1 resided in a state other than that of Humphrey. The defendant admits that he aided and abetted

Humphrey in the transfer, sale, and delivery of the abovementioned firearms to Individual 1, an individual not then residing in the State of North Carolina, the state in which Humphrey was then residing.

f. The defendant admits that the offense involved between 3-7 firearms, including a firearm that the defendant knew was not marked with a serial number.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

a. The two (2) level increase pursuant to Guidelines § 2K2.1(b)(1)(A) (offense involving 3-7 firearms); and

b. The four (4) level increase pursuant to Guidelines § 2K2.1(b)(4)(B)(ii) (offense involving a firearm not otherwise marked with a serial number).

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **18**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **15**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **15** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **18 to 24 months**, a fine of **$7,500 to $75,000**, and a period of supervised release of not more than **3 years**. Notwithstanding this, the defendant understands

that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six (6) months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives

any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## V. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. Provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. Respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. Advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d. Modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. At sentencing, the government will move to dismiss the open counts of the Indictment in this action against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

21. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **18 to 24 months**, a fine of **$7,500 to $75,000**, and a period of supervised release of not more than **3 years**, notwithstanding the manner in which

the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **18 to 24 months**, a fine of **$7,500 to $75,000**, and a period of supervised release of not more than **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

25. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, **BENJAMIN MARTIN a/k/a Benji a/k/a Ben10 a/k/a Gun Man**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: [signature]
LOUIS A. TESTANI
Assistant United States Attorney

Dated: August 20, 2026

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Mark D. Arcara, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

BENJAMIN MARTIN

a/k/a Benji
a/k/a Ben10
a/k/a Gun Man Defendant

Dated: August 20, 2026

MARK D. ARCARA, ESQ.
Attorney for the Defendant

Dated: August 20, 2026